45D11-2105-CT-000459

Lake Superior Court, Civil Division 7

Filed: 5/11/2021 4:18 PM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | |

| | | |
|---|---|---|
| ANDREA ELSHARIF and SURAYYAH SEIF ELSHARIF, as Co-Personal Representatives for the Estate of Seif ElSharif and SAMIRAH REALTY, LLC, | ) ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CAUSE NO: |
| EMAD ABED and JOHN F. ASKWITH, | ) ) ) | 45D11-2105-CT-000459 |
| Defendants | ) | |

## COMPLAINT TO QUIET TITLE AND FOR OTHER RELIEF

Plaintiffs Andrea ElSharif and Surayyah Seif ElSharif, as Co-Personal Representatives of the Estate of Seif ElSharif, deceased (the "Estate") and SAMIRAH REALTY, LLC ("Samirah LLC") (the Estate and Samirah LLC are collectively referenced herein as "Plaintiffs"), by their attorneys Krieg DeVault LLP, for their Complaint to Quiet Title and for Other Relief against Defendant EMAD ABED ("Abed") and Defendant JOHN F. ASKWITH ("Askwith"), state as follows:

1.    Decedent Seif ElSharif (the "Decedent") was a resident and citizen of Lake County, Indiana, when he died intestate on September 25, 2019.

2.    The Estate was opened on October 1, 2019, under Lake County Probate Court Cause No. 45C01-1910-EU-387 and was thereafter transferred to a Supervised Estate and assigned Cause No. 45C01-2006-ES-113 (the "Probate Proceedings"). The First Date of Publication of the Estate was October 31, 2019. The Probate Proceedings remain pending.

3.    The Court has jurisdiction over the subject matter of the Complaint and personal jurisdiction over Abed and Askwith. Abed and Askwith are believed to be residents and citizens of the State of Minnesota but are subject to personal jurisdiction in this Court because this action

arises from their causing injury to property by acts within Lake County, Indiana and from Abed's claimed interest in real property within Lake County, Indiana.

4.   This case concerns possession and ownership of real estate located in Lake County, Indiana, which is therefore a county of proper venue. Ind. R. Civ. P. 75(A)(2).

5.   Approximately eighteen (18) months after the Decedent's death and the opening of the Estate, Abed has disclosed a rash of documents that were allegedly executed by the Decedent on June 3, 2019, which purport to transfer valuable assets of the Estate, including:

a.   a Quitclaim Deed dated June 3, 2019 and recorded on March 26, 2021, purporting to transfer the Decedent's residence in Dyer, Indiana, of which the Decedent was record owner at the time of his death, which is legally described as:

> LOT 56, BRIAR RIDGE COUNTRY CLUB ADDITION IN BLOCK 2, UNIT 15, A PLANNED UNIT DEVELOPMENT IN DYER, INDIANA, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 66, PAGE 57, IN THE OFFICE OF THE RECORDER OF LAKE COUNTY, INDIANA.

commonly known as 601 Killarney Drive, Dyer, IN 46311 (the "Killarney Property"). A true and correct copy of the purported Quitclaim Deed to the Killarney Property (the "6/3/2019 Deed to the Killarney Property") is attached hereto as *Exhibit A*.

b.   A Quitclaim Deed dated June 3, 2019 and recorded on April 22, 2021 purporting to transfer real estate commonly known as 2136 Summer Street, Hammond, Indiana 46320, which is legally described as:

> LOTS 1 TO 6, BOTH INCLUSIVE, BLOCK 3, STEEL CAR WORKS ADDITION TO HAMMOND.

(the "Summer Street Property"). A true and correct copy of the purported Quitclaim Deed to the Summer Street Property (the "6/3/2019 Deed to the Summer Street Property") is attached hereto as *Exhibit B*.

c.   An Assignment of the Decedent's 100% Membership Interest in SEIF, LLC, an Indiana limited liability company ("Seif LLC Interests") and corporate Minutes of Action

2

approving the assignment of the Decedent's interest. The purported Assignment of the Seif LLC Interests and the Approval are referenced herein as "Assignment of Seif LLC Interests" and are attached hereto as *Exhibit C.*

6.      The 6/3/2019 Deed to the Killarney Property, the 6/3/2019 Deed to the Summer Street Property, and the Assignment of Seif LLC Interests are collectively referenced herein as the "Transfer Documents."

7.      All the Transfer Documents are dated June 3, 2019. The Decedent was known to be in Dyer, Indiana and Orland Park, Illinois on June 3, 2019, the day that the Transfer Documents were supposedly signed by him in Hennepin County, Minnesota.

8.      The Decedent never disclosed or discussed the Transfer Documents or the transfer of the Killarney Property, the Summer Street Property, or the Assignment of Seif LLC Interests with his accountant, trusted associates, or other persons familiar with his financial and property dealings in and around June of 2019 when the Transfer Documents were supposedly executed.

9.      The 6/3/2019 Deed to the Killarney Property and the 6/3/2019 Deed to the Summer Street Property appear to have been notarized by Defendant Askwith.

10.     Askwith is registered as a Notary in Hennepin County, Minnesota, as reflected in the Minnesota Secretary of State records attached hereto as *Exhibit D* (the "Notary Records"). The Notary Records reflect that Askwith was originally commissioned as a Notary on January 23, 1997, with successive renewals, including renewals on October 3, 2014 and December 24, 2019.

11.     Minnesota notaries hold office until January 31 of the fifth year following the year the commission was issued. Minnesota Statutes 359.02. Askwith's notary commission issued on October 3, 2014 would therefore have expired on January 31, 2020 and his notary commission issued on December 24, 2019 would expire on January 31, 2025.

12.    The Notary Stamp used on the 6/3/2019 Deed to the Killarney Property and on the 6/3/2019 Deed to the Summer Street Property expires on January 31, 2025, meaning that it was issued when Askwith renewed his Notary Commission on December 24, 2019. The Notary Stamp used to notarize the 6/3/2019 Deed to the Killarney Property and the 6/3/2019 Deed to the Summer Street Property was therefore not created until after the Decedent's death in September 2019 and did not exist when the Transfer Documents were allegedly signed by the Decedent in June 2019.

## COUNT I - QUIET TITLE TO KILLARNEY PROPERTY

13.    The Estate realleges paragraphs 1 through 12.

14.    The Decedent acquired the Killarney Property by Corporate Warranty Deed dated May 30, 2002 and recorded with the Lake County Recorder of Deeds on June 4, 2002 as Document No. 2002 050848 (the "Decedent's Deed to the Killarney Property") , a true and correct copy of which is attached hereto as *Exhibit E.*

15.    Upon the Decedent's death, the Killarney Property became property of the Estate to be distributed according to the Indiana laws of intestacy. The Killarney Property was included in the Inventory of the assets of the Estate filed in the Probate Proceedings on August 17, 2020.

16.    Abed claims an interest in the Killarney Property. Any interest or title so claimed by Abed and all persons, firms, corporations, partnerships, and assigns claiming by, through or under him, is wholly invalid, unlawful, and casts a cloud upon the Estate's title to the Killarney Property.

17.    Based on the Decedent's Deed to the Killarney Property, the Estate claims and asserts possession and title to the Killarney Property against and above all others. The purpose in this proceeding is to quiet title to the Killarney Property as against the world and particularly against Abed. The Estate has named as defendants all persons within its knowledge through whom any hostile claim may be asserted or who might claim to have some possible interest in the Killarney Property.

4

18.    For the above-stated reasons, the Estate is entitled to have its title in and to the Killarney Property quieted and forever set at rest as against the claims of title of said Abed and all persons claiming through, under or by him, or any of them.

WHEREFORE, the Estate respectfully requests that a judgment be entered in its favor and against Abed (1) quieting and forever setting at rest the Estate's title to the Killarney Property as against any and all claims of Abed and all persons, firms, corporations, limited liability companies, and partnerships claiming through, under or by him, and against all demands, claims, and claimants whatsoever or whosoever be forever restrained and enjoined from setting up, claiming or asserting any title to, claim upon or interest in the Killarney Property; (2) declaring the 6/3/2019 Deed to the Killarney Property void and removing it from the chain of title for the Killarney Property; and (3) granting the Estate all other just and proper relief.

### COUNT II – QUIET TITLE TO SUMMER STREET PROPERTY

19.    Samirah LLC realleges paragraphs 1 through 18.

20.    The Decedent was the sole member of Samirah LLC at the time of his death on September 25, 2019.

21.    Samirah LLC acquired the Summer Street Property by Quitclaim Deed from the Decedent dated May 8, 2009 and recorded with the Lake County Recorder of Deeds on May 12, 2009 as Document No. 2009 031495 ("Samirah LLC's Deed to the Summer Street Property"), a true and correct copy of which is attached hereto as *Exhibit F.*

22.    Abed claims an interest in the Summer Street Property. Any interest or title so claimed by Abed and all persons, firms, corporations, partnerships, and assigns claiming by, through or under him, is wholly invalid, unlawful, and casts a cloud upon Samirah LLC's title to the Summer Street Property.

23.    Based on Samirah LLC's Deed to the Summer Street Property, Samirah LLC claims and asserts possession and title to the Summer Street Property against and above all others. The

purpose in this proceeding is to quiet title to the Summer Street Property as against the world and particularly against Abed. Samirah LLC has named as defendants all persons within its knowledge through whom any hostile claim may be asserted or who might claim to have some possible interest in the Summer Street Property.

24.     For the above-stated reasons, Samirah LLC is entitled to have its title in and to the Summer Street Property quieted and forever set at rest as against the claims of title of said Abed and all persons claiming through, under or by him, or any of them.

WHEREFORE, Samirah LLC respectfully requests that a judgment be entered in its favor and against Abed (1) quieting and forever setting at rest Samirah LLC's title to the Summer Street Property as against any and all claims of Abed and all persons, firms, corporations, limited liability companies, and partnerships claiming through, under or by him, and against all demands, claims, and claimants whatsoever or whosoever be forever restrained and enjoined from setting up, claiming or asserting any title to, claim upon or interest in the Summer Street Property; (2) declaring the 6/3/2019 Deed to the Summer Street Property void and removing it from the chain of title for the Summer Street Property; and (3) granting Samirah LLC all other just and proper relief.

## COUNT III – DECLARATORY JUDGMENT VOIDING THE ASSIGNMENT OF SEIF LLC INTERESTS

25.     Plaintiffs reallege paragraphs 1 through 24.

26.     The Decedent owned 100% of the Seif LLC membership interests at the time of his death on September 25, 2019, having founded Seif LLC as a single-member limited liability company on April 8, 2010, pursuant to the Articles of Organization attached hereto as *Exhibit G*.

27.     Upon the Decedent's death, the membership interests in Seif LLC became property of the Estate. The Seif LLC membership interests were included in the Inventory of the assets of the Estate filed in the Probate Proceedings on August 17, 2020.

6

28.    The Assignment of Seif LLC Interests to Abed is a forgery and is void.

29.    Abed claims an interest in the Seif LLC membership interests. Any interest or title so claimed by Abed and all persons, firms, corporations, partnerships, and assigns claiming by, through or under him, is wholly invalid, unlawful, and casts a cloud upon the Estate's interest in the Seif LLC membership interests.

30.    The Estate claims and asserts possession and title to the Seif LLC membership interests against and above all others. The purpose in this proceeding is to obtain a declaratory judgment pursuant to Rule 57 of the Indiana Rules of Trial Procedure and Ind. Code § 34-14-1-1, et seq., declaring that the Assignment of Seif LLC membership interests is void and that the Estate owns and controls all the Seif LLC membership interests as against the world and particularly against Abed. The Estate has named as defendants all persons within their knowledge through whom any hostile claim may be asserted or who might claim to have some possible interest in the Seif LLC membership interests.

WHEREFORE, Plaintiffs respectfully request that the Court enter a declaratory judgment (1) finding that the Assignment of Seif LLC Interests to Abed is a forgery and is void, (2) finding that the Estate is the rightful owner of all membership interests in Seif LLC, and (3) granting Plaintiffs all other just and proper relief.

### COUNT IV - FORGERY AND DAMAGES UNDER CVCA FOR FORGERY OF 6/3/2019 KILLARNEY DEED

31.    The Estate reallege paragraphs 1 through 30.

32.    Abed has committed the offense of forgery under Ind. Code § 35-43-5-2 by making the 6/3/2019 Killarney Deed, a written instrument, with intent to defraud, in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority.

33.     Askwith knowingly or intentionally aided, induced, or caused Abed to commit the offense of forgery of the 6/3/2019 Killarney Deed and thereby committed the offense of forgery under Ind. Code § 35-43-5-2. Ind. Code § 35-41-2-4.

34.     The Killarney Property has an estimated value of $1,600,000. The Estate has therefore suffered pecuniary losses of at least $1,600,000 as a result of Abed and Askwith's violations of IC 35-43. The Estate is therefore entitled to relief under Indiana's Crime Victims Compensation Act ("CVCA"), including actual damages and up $4,800,000 (three times the actual damages) and a reasonable attorney's fee, along with other expenses allowed under Ind. Code § 34-24-3-1. *See Klinker v. First Merchants Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012).

WHEREFORE, The Estate respectfully request that a judgment be entered in its favor and against Abed and Askwith, jointly and severally, for actual damages of $1,600,000 and additional relief under the CVCA of $4,800,000, plus costs, attorney's fee, and other expenses and all other just and proper relief.

### COUNT V - FORGERY AND DAMAGES UNDER INDIANA CVCA FOR FORGERY OF 6/3/2019 SUMMER STREET DEED

35.     The Estate reallege paragraphs 1 through 34.

36.     Abed has committed the offense of forgery under Ind. Code § 35-43-5-2 by making the 6/3/2019 Summer Street Deed, a written instrument, with intent to defraud, in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority.

37.     Askwith knowingly or intentionally aided, induced, or caused Abed to commit the offense of forgery of the 6/3/2019 Summer Street Deed and thereby committed the offense of forgery under Ind. Code § 35-43-5-2. Ind. Code § 35-41-2-4.

38.     The Summer Street Property has an estimated value of $1,000,000. Samirah LLC has therefore suffered pecuniary losses of at least $1,000,000 as a result of Abed and Askwith's

violations of IC 35-43. Samirah LLC is therefore entitled to relief under the CVCA, including actual damages and up $3,000,000 (three times the actual damages) and a reasonable attorney's fee, along with other expenses allowed under Ind. Code § 34-24-3-1. *See Klinker v. First Merchants Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012).

WHEREFORE, Samirah LLC respectfully requests that a judgment be entered in its favor and against Abed and Askwith, jointly and severally, for actual damages of $1,000,000 and additional relief under the CVCA of $3,000,000, plus costs, attorney's fee, and other expenses and all other just and proper relief.

## COUNT VI - FORGERY AND DAMAGES UNDER CVCA FOR FORGERY OF ASSIGNMENT OF SEIF LLC INTERESTS

39.    Plaintiffs reallege paragraphs 1 through 38.

40.    Abed has committed the offense of forgery under Ind. Code § 35-43-5-2 by making the Assignment of Seif LLC Interests, a written instrument, with intent to defraud, in such a manner that it purports to have been made: (1) by another person; (2) at another time; (3) with different provisions; or (4) by authority of one who did not give authority.

41.    The Seif LLC Interests have an estimated value of $2,000,000. The Estate has therefore suffered pecuniary losses of at least $2,000,000 as a result of Abed's violations of IC 35-43. Plaintiffs are therefore entitled to relief under the CVCA, including actual damages and up to three times the actual damages and a reasonable attorney's fee, along with other expenses allowed under Ind. Code § 34-24-3-1. *See Klinker v. First Merchants Bank, N.A.*, 964 N.E.2d 190, 193 (Ind. 2012).

WHEREFORE, Plaintiffs respectfully request that a judgment be entered in their favor and against Abed for actual damages of $2,000,000 and additional relief under the CVCA of $6,000,000, plus costs, attorney's fee, and other expenses and all other just and proper relief.

9

Respectfully submitted,

/s/ J. Brian Hittinger
J. Brian Hittinger (#16428-64)
Nancy J. Townsend (#17178-45)
KRIEG DEVAULT LLP
8001 Broadway, Suite 400
Merrillville, IN 46410
Phone: (219) 227-6100
Fax:    (219) 227-6101
Email: jbhittinger@kdlegal.com
       ntownsend@kdlegal.com
and

Scott J. Fandre (#27681-71)
KRIEG DEVAULT LLP
33 North Dearborn Street, Suite 1140
Chicago, IL 60602
Phone:  (312) 423-9300
Fax:    (312) 423-9303
Email: sfandre@kdlegal.com

*Attorneys for Plaintiffs*

*Exhibit A -*   6/3/2019 Deed to the Killarney Property
*Exhibit B -*   6/3/2019 Deed to the Summer Street Property
*Exhibit C -*   Assignment of Seif LLC Interests (w/Approval of Assignment )
*Exhibit D -*   John F. Askwith's Notary Records
*Exhibit E -*   Decedent's Deed to the Killarney Property
*Exhibit F -*   Samirah LLC's Deed to the Summer Street Property
*Exhibit G -*   Articles of Organization of Seif LLC

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE SUPERIOR COURT, CIVIL DIVISION 7 |
| | ) | |
| COUNTY OF LAKE | ) | CASE NUMBER: 45D11-2105-CT-000459 |

ANDREA ELSHARIF, SURAYYAH SEIF ELSHARIF

V.

EMAD ABED

**FILED IN OPEN COURT**

NOV 1 6 2022

JUDGE
SUPERIOR COURT OF LAKE COUNTY

## CASE MANAGEMENT ORDER

This cause came before the Court for a hearing. Plaintiff(s) appeared by Attorney Nancy Townsend and the Defendant(s) appeared by Attorney Emad Abed. Related thereto, the Court read each motion, heard argument, and then found and Ordered:

1. Defendant's motion to continue the bench trial presently set for December 5, 2022, styled as motion for reconsideration of this Court's order of October 12, 2022, filed on October 14, 2022, and responded to on October 25, 2022, was **DENIED.**
2. Motion to continue the bench trial filed on November 14, 2022, was **DENIED.**
3. The Court found the motion for this Court to recuse filed on October 14, 2022 and responded to on October 25, 2022, was **DENIED.**
4. Motion to stay civil proceedings based upon potential criminal proceedings filed on October 17, 2022 and responded to on October 26, 2022, was **DENIED.**
5. Motion to dismiss for lack of jurisdiction filed on October 31, 2022 and responded to on October 31, 2022, was **DENIED.** The Court will not, however, adjudicate title related to real property located in the state of Illinois.
6. Court **AFFIRMED** bench trial (1-day) of December 5, 2022, at 9:00 a.m., CT.

SO ORDERED.

Bruce D. Parent, Judge
Lake Superior Court, Civil Room Seven

**Distribution:** Via Odyssey