UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREA ELSHARIF, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 2:22 CV 374 |
| v. | ) |
| | ) |
| EMAD ABED, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

In an eleventh-hour attempt to delay a trial related to the assets of his deceased uncle in Lake County Superior Court, defendant Emad Abed filed a notice of removal resulting in the present federal cause of action. Defendant has twice previously engaged in the same removal tactic, seemingly to prevent state court proceedings from moving forward. Senior Judge Joseph S. Van Bokkelen remanded No. 2:22 CV 124 back to state court on June 3, 2022, and did the same to No. 2:22 CV 189 on July 21, 2022. Senior Judge Van Bokkelen also issued a warning that "further nonmeritorious attempts to remove this case to federal court may lead to the Court imposing sanctions, including monetary sanctions, against him for abuse of process." (No. 2:22 CV 189, DE # 6 at 4.)

The present removal was attempted one business day before a bench trial was set to begin in Lake County Superior Court. This action temporarily divested the state court of jurisdiction. 28 U.S.C. § 1446(d). Plaintiffs filed an emergency motion to remand (DE # 3), which this court summarily granted with memorandum to follow (DE # 6). This

opinion serves as an explanation for that summary ruling, as well as a ruling on plaintiffs' request for costs.

As has now been explained to defendant twice before, any attempt to remove the underlying state court action to federal court is untimely. Section 1446 of Title 28 of the United States Code governs the procedure for removal of civil actions from state court to federal court, and provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(l). The statute further provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" but only if the case stated by the initial pleading is not removable. *Id.* § 1446(b)(3). In this case, defendant's 30-day period in which to timely file a notice of removal began when he received a copy of the complaint through service on June 8, 2021. That window closed long ago. *See Elsharif v. Abed,* 2022 WL 1963644, at *2 (N.D. Ind. June 3, 2022).

Defendant also argues that this case only became removable recently when his citizenship changed. This matters not, as diversity is determined as of the time the complaint is originally filed in state court. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) ("time-of-filing rule . . . measures all challenges to subject-matter

2

jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing -- whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal.").

Plaintiffs request that defendant pay the expenses they have been forced to incur as a result of this third removal. Federal law authorizes the award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). Proof of bad faith is not required. 28 U.S.C. § 1447(c); *Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999). Rather, expenses are justified when "the removing party lacked an objectively reasonable basis for seeking removal." *Countryside Bank v. Naseer*, 2018 WL 4292960, at *2 (N.D. Ind. Sept. 7, 2018) (Springmann, J.) (citing *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008)). There is no question defendant lacked an objectively reasonable basis for seeking removal in this case, as he has twice before been informed that he may not remove the case to federal court. Senior Judge Van Bokkelen awarded costs and fees with respect to defendant's last removal attempt (DE # 6 at 4), and the same is appropriate here.

For the foregoing reasons, the emergency motion to remand (DE # 3) stands granted as expressed in the court's summary ruling on the same (DE # 6).

The court now **GRANTS** plaintiffs' request for costs and actual expenses, including attorney fees, incurred as a result of the removal. Plaintiffs shall file a fee petition, if any, on or before **December 22, 2022**; defendant may file a response as to the

amount of the fees sought (but not as to the court's decision to award just costs and actual expenses) on or before **January 5, 2023.**

Pursuant to N.D. IND. L. R. 40-1(e), the clerk is **DIRECTED** to reassign this case to Senior Judge Joseph S. Van Bokkelen, who presided over previously-filed, related cases No. 2:22 CV 124 and No. 2:22 CV 189.

## SO ORDERED.

Date: December 8, 2022

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT